**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTEN STATON,

    Plaintiff,

v.                                        Case No. 3:22-cv-106-TJC-LLL

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,

    Defendant.

## O R D E R

This case is before the Court on plaintiff's appeal of an administrative decision denying her claims for disability, disability insurance benefits, and supplemental security income under the Social Security Act (Doc. 1). The Acting Commissioner filed a motion seeking entry of judgment in favor of plaintiff and a remand under sentence four so the Commissioner could further evaluate plaintiff's claim (Doc. 22). Plaintiff supports a remand but contends the record is complete and further evaluation is unnecessary so the Court should remand for an award of benefits on her Title XVI claim and a determination of her disability start date on her Title II claim (Doc. 24). The Court directed the parties to try to reach agreement as to the terms of a remand (Doc. 25); when those efforts failed, the Commissioner filed a reply to plaintiff's response (Doc. 26).

While the Court understands plaintiff's exasperation with the length of time that has transpired since she initially applied for benefits, plaintiff is asking the Court to invade the province of the Commissioner by evaluating the record to reach a finding of disability.  This it cannot do.  See, e.g., McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986) (explaining that the court must resist the temptation in social security appeals to "cut through delay by evaluating the administrative record itself" as doing so would be an affront to the administrative process).  The Court therefore must remand for further proceedings.[1]

Accordingly, upon review, it is hereby

**ORDERED**:

1. The Commissioner's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant (Doc. 22) is **GRANTED**.

2. Pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REVERSED** and **REMANDED** to the Commissioner of Social Security for further action.  Upon remand, the Administrative Law Judge shall (1) provide plaintiff with an opportunity for a new hearing; (2) reevaluate plaintiff's alleged

---

[1] In her brief in opposition to the Commissioner's decision (Doc. 17), plaintiff advocated for a finding of disability but alternatively moved for a remand for further proceedings, which seems an implicit acknowledgement that the record is not as clear as she now contends.

symptoms; (3) reevaluate plaintiff's residual functional capacity; (4) obtain supplemental vocational expert testimony to evaluate whether plaintiff can perform a significant number of jobs in the national economy with her residual functional capacity; and (5) take such other steps as are necessary to properly evaluate plaintiff's claim.

3. Given the length of time that has transpired since plaintiff filed her claim, the Commissioner is requested to expedite the reevaluation to the extent possible. Notwithstanding that this case will be closed following remand, beginning on **May 31, 2023 and every 60 days thereafter** until a decision is reached, counsel for the Commissioner shall file a status report in this case to advise of the status of the reevaluation.

4. If plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within fourteen days from plaintiff's counsel's receipt of any "close-out" letter. The motion must include the agency letter stating the amount of past-due benefits withheld, include any applicable contingency fee agreement, and establish the fee is reasonable for the services rendered. This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

5. The Clerk is directed to **enter judgment** in favor of plaintiff and against the Commissioner and **close** the file.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of January, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record